IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

AMOS GABRIEL HICKS,

        Plaintiff,

v.                                                      Case No. 2:13-cv-27830

STEVEN CANTERBURY, Administrative Director,
West Virginia Supreme Court of Appeals and/or
State of West Virginia,
BOOKER T. STEPHENS, Circuit Court Judge,
as/for McDowell County, West Virginia,
FRANCINE SPENCER, Circuit Clerk of McDowell
County, West Virginia, and JANET MURPHY,
Court Reporter (Deceased) or/and ESTATE OF
JANET MURPHY, and widowed husband, JOHN DOE,
or/and Bonding Company/Agency/Municipality
or Insurers thereof,

        Defendants.

## MEMORANDUM OPINION AND ORDER

On November 4, 2013, the plaintiff, Amos Gabriel Hicks, an inmate who is presently incarcerated at the Mount Olive Correctional Complex, in Mount Olive, West Virginia, attempted to remove this civil action from the Circuit Court of Kanawha County, West Virginia. (ECF No. 3, "Notice of Removal"). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are the plaintiff's Motion to Remove Civil Action from State Court to this United States District Court (ECF No. 4), the plaintiff's Motion to Amend Original

Pleadings (ECF No. 6) and the plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1).

## DISCUSSION

### A.     Propriety of removal.

On November 4, 2013, the plaintiff filed a Notice of Removal (ECF No. 3), a Motion to Remove Civil Action from State Court to this United States District Court (ECF No. 4), and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1). On April 9, 2014, the plaintiff filed a Motion to Amend Original Pleadings (ECF No. 6), which includes a proposed Amended Complaint. (ECF No. 6-1).

The undersigned first notes that the federal statute governing the removal of civil actions does not provide for the removal, by a plaintiff, of a civil action initially filed by the plaintiff in state court. Rather, 28 U.S.C. § 1441(a) provides as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed <u>by the defendant or the defendants</u>, to the district court of the United States for the district or division embracing the place where such action is pending.

28 U.S.C. § 1441(a) [Emphasis added]. Thus, removal procedures may only be initiated by a defendant.

Furthermore, upon initial review of the state court documents filed by the plaintiff with his Notice of Removal (ECF No. 3) and his Motion to Amend Original Pleadings (ECF No. 6), it appears that the civil action initiated by the plaintiff in the Circuit Court of Kanawha County, Case No. 13-C-1928, was dismissed for lack of jurisdiction by the Honorable Jennifer F. Bailey on October 17, 2013, prior to the plaintiff's attempt to remove the case to this court. (ECF NO. 6 at 4-6, "Dismissal Order"). The undersigned

also notes that, according to the state court docket, on November 18, 2013, Judge Bailey denied a Motion to Alter or Amend Judgment, which was filed by the plaintiff in the state court action on November 4, 2013 (the same date that he filed the Notice of Removal). (*See* "Order Denying Motion for Alter or Amend Judgment Because Untimely Filed," attached hereto as Court's Exhibit A).  Accordingly, it appears that there is no action presently pending in the Circuit Court of Kanawha County.[1]

Although the plaintiff improperly attempted to remove his state court action, the plaintiff could have filed an action, pursuant to 42 U.S.C. § 1983, under the original jurisdiction of this federal court.  Accordingly, the undersigned will construe the plaintiff's Notice of Removal and attached Complaint as the initiating documents of an original jurisdiction civil rights action under 42 U.S.C. § 1983.  However, it is hereby **ORDERED** that the plaintiff's Motion to Remove Civil Action from State Court to this United States District Court (ECF No. 4) be **DENIED**.

### B. The plaintiff's Motion to Amend Complaint.

Furthermore, because the plaintiff's Motion to Amend Original Pleadings (ECF No. 6) was filed prior to service of process, pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, the plaintiff may amend his Complaint without leave of court. Nevertheless, it is hereby **ORDERED** that the plaintiff's Motion to Amend Pleadings (ECF No. 6) be **GRANTED**, and it is further **ORDERED** that this matter shall proceed on the plaintiff's proposed Amended Complaint.  The Clerk is **DIRECTED** to docket the proposed Amended Complaint found in ECF No. 6-1 as a new docket entry, entitled

---

[1] The undersigned further notes that it appears that the plaintiff has a pending habeas corpus action in the Circuit Court of McDowell County, where he was convicted.  (Case No. 12-C-100).  (*See* ECF No. 3-2, Appx. G).

"Amended Civil Rights Complaint under 42 U.S.C. § 1983."

### C. The plaintiff's Application to Proceed Without Prepayment of Fees and Costs.

Also pending is the plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1). The court finds that the plaintiff's Application includes statements of his assets, of his inability to prepay fees, of the nature of the action, and of his belief that he is entitled to redress. Pursuant to the amendments to 28 U.S.C. § 1915, and notwithstanding the plaintiff's lack of assets, it is hereby **ORDERED** that the plaintiff shall pay the full amount of the filing fee of $350.00[2] by payments sent to the Clerk of the Court by the prison where the plaintiff is incarcerated. 28 U.S.C. § 1915(b)(1).

Based upon the information contained in the Application and the plaintiff's Resident Transaction Details (ECF Nos. 1 and 2), it is hereby **ORDERED** that the plaintiff must pay an initial partial filing fee of **$56.33**, which is equivalent to 20 percent of the petitioner's average balance for the prior six months. Service of process in this matter shall not occur until this initial partial filing fee is received.

It is further **ORDERED** that the plaintiff is required to make monthly payments of 20 percent of the preceding month's income credited to his prisoner's account, until he has paid the total filing fee of $350.00. 28 U.S.C. § 1915(b)(2). Mount Olive Correctional Complex is requested, when the plaintiff's prisoner account exceeds the sum of $10.00, to forward monthly payments to the Clerk of this Court, with each

---

[2] A prisoner who is granted *in forma pauperis* status is not required to pay the additional $50 administrative fee, which became effective on May 1, 2013.

payment being a sum which equals 20 percent of the preceding month's income credited to the plaintiff's prisoner account. 28 U.S.C. § 1915(b)(2).

It is further **ORDERED** that the plaintiff's Application is granted, except to the extent that the plaintiff is required to make the payments set forth above. If judgment is rendered against the plaintiff, and the judgment includes the payments of costs under Section 1915, the plaintiff will be required to pay the full amount of the costs, notwithstanding that his Application has been granted.

**NOTICE TO THE PLAINTIFF: IF YOU DO NOT WISH TO PAY THE FILING FEE AS SET FORTH IN THIS ORDER, YOU MUST NOTIFY THE COURT BY WRITING A LETTER TO THE CLERK AND BY STATING THAT YOU DO NOT WISH TO PROSECUTE THIS CIVIL ACTION. IF YOU WRITE SUCH A LETTER, THIS CASE WILL BE DISMISSED WITHOUT PREJUDICE. YOU MUST SEND THE LETTER WITHIN THIRTY (30) DAYS OF THE DATE OF ENTRY OF THIS ORDER.**

The Clerk is directed to mail a copy of this Order to the plaintiff and to Jane Lucas, Trustee Clerk, at Mount Olive Correctional Complex.

ENTER: May 9, 2014

Dwane L. Tinsley
United States Magistrate Judge