# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON

**AMOS GABRIEL HICKS,**

      **Plaintiff,**

v.                                                                    Case No. 2:13-cv-27830

**STEVEN CANTERBURY, Administrative Director,
West Virginia Supreme Court of Appeals and/or
State of West Virginia,
BOOKER T. STEPHENS, Circuit Court Judge,
as/for McDowell County, West Virginia,
FRANCINE SPENCER, Circuit Clerk of McDowell
County, West Virginia, and JANET MURPHY,
Court Reporter (Deceased) or/and ESTATE OF
JANET MURPHY, and widowed husband, JOHN DOE,
or/and Bonding Company/Agency/Municipality
or Insurers thereof,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On November 4, 2013, the plaintiff, Amos Gabriel Hicks, an inmate who is presently incarcerated at the Mount Olive Correctional Complex, in Mount Olive, West Virginia, improperly attempted to remove this civil action from the Circuit Court of Kanawha County, West Virginia. (ECF No. 3, "Notice of Removal"). On May 9, 2014, the undersigned entered a Memorandum Opinion and Order (ECF No. 7) that construed the plaintiff's "Notice of Removal" and a subsequently filed "Amended Petition" (ECF No. 6-1) as an "Amended Civil Rights Complaint under 42 U.S.C. § 1983" (ECF No. 8), which is the document upon which this matter is proceeding.

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are a Motion to Dismiss filed by defendants Steven D. Canterbury and Booker T. Stephens (ECF No. 26), a Motion to Dismiss filed by defendant Francine Spencer (ECF No. 30), the plaintiff's Motion to Compel a Response from Defendant Janet Murphy, Court Reporter, or Representative Bonding Agent/Insurer/County Commission (ECF No. 34), the plaintiff's Motion to Strike defendant Spencer's Motion to Dismiss (ECF No. 35), the plaintiff's Motion for Order of Service of Process Upon a Previously Unidentified "John Doe" Defendant (ECF No. 44) and the plaintiff's Motion to Amend Amended Complaint (ECF No. 45) and the plaintiff's Motion for Production of Documents (ECF No. 49).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The plaintiff's Amended Complaint alleges violations of his constitutional rights in relation to his attempts to obtain portions of his criminal trial transcripts in the Circuit Court of McDowell County, West Virginia. In July 2009, the plaintiff was convicted of first degree murder, malicious assault and conspiracy in the Circuit Court of McDowell County. *State v. Hicks*, 725 S.E.2d 569 (W. Va. 2011) (Stephens, J.). (ECF No. 27 at 2 and n.5). On October 5, 2009, the plaintiff was sentenced to serve life without parole for the murder conviction.[1] In conjunction with filing the plaintiff's direct appeal to the Supreme Court of Appeals of West Virginia (the "SCAWV"), the plaintiff's counsel, Michael Gibson, requested the preparation of portions of the trial transcript by the court

---

[1] The documentation provided to the court by the parties does not address the plaintiff's sentences on his other offenses of conviction.

reporter, Janet Murphy, but, according to the plaintiff, counsel filed the petition for appeal prior to receiving the entirety of the transcript.[2] The petition for appeal was filed in March of 2010, and the plaintiff's convictions were affirmed in April of 2011. *State v. Hicks*, 725 S.E.2d 569 (W. Va. 2011). (ECF No. 8 at 6).

On November 28, 2011, for the purpose of seeking habeas corpus review, the plaintiff, proceeding *pro se*, submitted a new transcript request form to Carolyn DiLorenzo, who was then serving as the court reporter for Judge Stephens. (ECF No. 8 at 6 and App. B).[3] New counsel, Phillip LaCaria, was subsequently appointed to represent the plaintiff in his habeas proceedings. According to Appendix C attached to the Amended Complaint, on September 26, 2012, Mr. LaCaria made another transcript request. (ECF No. 8, App. C).[4] On November 9, 2012, Ms. DiLorenzo responded to Mr. LaCaria stating as follows:

> Subsequent to my employment of October 1, 2010, Judge Stephens' official reporter, Mrs. Murphy passed away. Apparently, Mrs. Murphy had worked on various transcripts from her residence, and following her untimely death, her husband has disposed of materials that were located in her home office.

---

[2] Appendix A attached to the plaintiff's Amended Complaint indicates that, on October 30, 2009, Mr. Gibson requested transcription of the plaintiff's (presumably the State's) opening statement from July 20-24, 2009, the opinion of the court on October 5, 2009 concerning a 404(b) ruling and the ruling on a Motion for Verdict of Acquittal and New Trial, the jury instructions from July 20-24, 2009, the sentencing on October 5, 2009, and "all testimony at trial – July 20-24, 2009." (ECF No. 8, App. A). Then, on November 24, 2009, Mr. Gibson filed another transcript request seeking the plaintiff's (presumably the State's) closing argument. (*Id.*) The plaintiff's Amended Complaint specifically alleges that the failure to obtain the instructions portion of the transcript prior to filing his direct appeal prohibited him from raising instructional error in the appeal. (ECF No. 8 at 5).

[3] This transcript request appears to seek transcription of "all proceedings not previously prepared" from 2008-2009, "jury voir dire," "def. opening," "instructions-charge," all from 2009, and "any hearings except 404(b)" from 2008-2010. (ECF No. 8, App. B).

[4] This actual transcript request is not included in the appendix, so the undersigned is not aware of what was requested by Mr. LaCaria.

3

> I have searched through all of the tapes that are located in my office, and unfortunately, there are no tapes available from the trial of this matter from which I can prepare transcripts of the portions of the trial that you have requested. Accordingly, I am not able to comply with your request as set forth in your letter.

(ECF No. 8 at 6 and App. C).

The plaintiff's habeas corpus proceedings remain pending in the Circuit Court of McDowell County.[5] Nevertheless, on October 15, 2013, the plaintiff filed a "Petition as Civil Rights Complaint – 42 U.S.C. 1983" in the Circuit Court of Kanawha County. On October 18, 2013, Judge Jennifer F. Bailey dismissed that proceeding for lack of subject matter jurisdiction. Notwithstanding that dismissal, on November 4, 2013, the plaintiff initiated this federal civil action as discussed above in the introductory paragraph.

The plaintiff's Amended Complaint contends that the defendants' inability to produce a portion of his criminal trial transcripts has resulted in violations of his constitutional rights, particularly his right to due process under the Fourteenth Amendment. The plaintiff asserts that "no transcripts exist from which the plaintiff can institute his Constitutional Rights to Appeal his conviction and his Constitutional Right to make and file a Habeas Corpus." (ECF No. 8 at 6). The plaintiff's Amended Complaint further asserts:

> Petitioner has/is under duress of incarceration in a State prison without the citizen's rights that are due him, causing him to be physically unable to enjoy life, by freedom of movement, choice of where to live, to be constantly under fear of physical injury without any recourse as commanded by State and Federal Constitutions due to the Respondent's et al., acting "Under Color of Law" and individually and failing to do their immediate duty" or incumbent duty" or "supervising duty" in a "timely" manner and moreover it continues due to their malingering, after being advised of the facts of this case resulting in causation and injury.

---

5 The undersigned is not specifically aware of all of the claims for habeas corpus relief that are being pursued by the petitioner, as such documentation is not part of the record before this court.

(*Id.* at 7).

Specifically, the Amended Complaint alleges that Mrs. Murphy had informed the court of her intent to retire and actually retired a few months before her passing, but failed to turn over her records, tapes, transcripts and notes to the Circuit Clerk or the court prior to her death. (*Id.*) The Amended Complaint further alleges that, as a State and County employee, Mrs. Murphy was under the direct supervision of the Supreme Court of Appeals and its Administrative Director, Stephen Canterbury, and local supervision by Judge Stephens. (*Id.* at 8).

The Amended Complaint further alleges that Judge Stephens breached his duties as Mrs. Murphy's supervisor to insure that her records, tapes, transcripts and notes were turned over to the court prior to her death. (*Id.* at 7-8, 19-21). The Amended Complaint further appears to assert that Judge Stephens has made improper rulings in the plaintiff's habeas corpus proceedings. (*Id.* at 9-16).[6]

The Amended Complaint further alleges that Mr. Canterbury, in his supervisory role as Supreme Court Administrative Director, breached his duties to ensure that Mrs. Murphy turned over all court records, and generally failed to make adequate rules to ensure that court records are not tampered with, are secured properly, and are not permanently destroyed. (*Id.* at 8, 17-19). Concerning defendant Spencer, the plaintiff contends that, as Clerk of the Circuit Court, she is "in charge of and oversees the keeping of the Circuit Court's records." (*Id.* at 8, 22). Thus, the plaintiff alleges that Spencer

---

6 The Amended Complaint also contains allegations that the plaintiff believes that Judge Stephens and his court-appointed habeas counsel, Mr. LaCaria, are proceeding under a known conflict of interest because Mr. LaCaria served as Judge Stephens' campaign manager in a prior election campaign, and that Judge Stephens will not recuse himself from the habeas proceedings. As discussed further *infra*, these are issues that must be addressed in the plaintiff's habeas corpus proceedings or with the SCAWV.

had a duty to ensure that the records possessed by Mrs. Murphy were monitored and turned over to the court upon her retirement, and that such records were retained for the duration of the State's document retention schedule, which is 75 years. (*Id.* at 22-23 and App. D). Thus, the plaintiff's Amended Complaint asserts claims of supervisory liability and/or vicarious liability against defendants Stephens, Canterbury and Spencer.

The plaintiff further alleges that these defendants acted collectively or "colluded" with one another to hide the fact that the plaintiff's transcripts no longer exist, conspired to cause great delays, and failed or refused to give the plaintiff a remedy when required to do so by law. (*Id.* at 14-15). He specifically alleges that the conduct of these defendants amounted to deliberate indifference or gross negligence "causing a man (the plaintiff) to remain in prison without recourse." (*Id.* at 23). Elsewhere in the Amended Complaint, the plaintiff states that the conduct of these defendants resulted in "grievous harm/injury to his person by holding him hostage in a West Virginia Prison at Mount Olive Correctional Complex without recourse of law," that "his personal and civil rights are being violated on a daily basis by his illegal and unconstitutional incarceration," and that "the failure to furnish free transcript when ordered renders sentence void." (*Id.* at 9-10, 25).

The plaintiff seeks declaratory and injunctive relief, including an order by this court requiring Judge Stephens to adjudicate pending motions, and to give appropriate relief for the denial of the plaintiff's rights to appeal or perfect a habeas, "which is remedied by reversal of convictions, vacation of sentences, and a New Trial awarded." (*Id.* at 28). Furthermore, the plaintiff seeks monetary damages from the defendants for the alleged violation of his constitutional rights, which he claims has subjected him to

"cruel and unusual punishment" and "false imprisonment." (*Id.*) Thus, the plaintiff clearly seeks relief that would implicate the validity of his state court conviction.

On September 30, 2014, summonses were issued for the defendants. According to the docket sheet, on October 3, 2014, the summonses for defendants Canterbury, Stephens and Spencer were returned as executed. Thus, answers or other responses by the defendants were due by October 23, 2014. (ECF Nos. 23-25).[7]

On October 23, 2014, defendants Canterbury and Stephens filed a Motion to Dismiss (ECF No. 26) and a Memorandum of Law in support thereof (ECF No. 27). As will be discussed in greater detail *infra*, these defendants assert that the plaintiff has available state court remedies of which he has not availed himself that should prohibit the present consideration of the plaintiff's claims by this court. (ECF No. 27 at 6-9). These defendants further assert that the plaintiff's Amended Complaint fails to sufficiently state any claims against these defendants, including claims of supervisory liability or under a theory of *respondeat superior*. (*Id.* at 11-13). Moreover, these defendants contend that they are entitled to absolute immunity under the Eleventh Amendment on the claims brought against them in their official capacities and qualified immunity on the claims brought against them in their individual capacities. (*Id.* at 9-10, 16-18). The Memorandum of Law further asserts that Judge Stephens is entitled to absolute judicial immunity relating to claims concerning his judicial actions. (*Id.* at 13-15).

---

[7] The summons for defendant Janet Murphy was also returned as having been signed for by a "Doris A. Young" at the McDowell County Courthouse. (ECF No. 22). The propriety of the deceased Mrs. Murphy as a party herein will be discussed further *infra*.

On November 12, 2014, defendant Spencer filed a separate Motion to Dismiss (ECF No. 30) and a Memorandum of Law in support thereof (ECF No. 31). Spencer's Memorandum of Law asserts that the plaintiff's Fourteenth Amendment claim against her fails as a matter of law because, even if the plaintiff could demonstrate that he had a constitutional right to his trial transcript, she had no legal duty or obligation to maintain the trial transcript (prior to its transcription and docketing) or to provide it to the plaintiff. (ECF No. 31 at 5-6). Spencer's Memorandum of Law further incorporates by reference the arguments made by defendants Canterbury and Stephens concerning the plaintiff's failure to exhaust available remedies in the state courts. (*Id.* at 6-7). Spencer further asserts that there is insufficient evidence to demonstrate that she was a "supervisor" of Janet Murphy and, thus, there is no basis for a supervisory liability claim against her, and that a *respondeat superior* theory is inapplicable in a section 1983 action. (*Id.* at 7-8). Finally, Spencer asserts that she is entitled to qualified immunity on any claim against her in her individual capacity. (*Id.* at 8-9).

On December 4, 2014, the plaintiff filed a Motion to Compel a Response from Defendant Janet Murphy, Court Reporter, or Representative Bonding Agent/Insurer/County Commission (ECF No. 34) and a Motion to Strike Defendant Francine Spencer's Motion to Dismiss as Untimely (ECF No. 35). These motions will be discussed in greater detail *infra*.

On December 17, 2014, defendants Canterbury and Stephens filed a Response in opposition to the plaintiff's Motion to Compel a Response from defendant Murphy or others (ECF No. 36). On December 19, 2014, defendant Spencer filed a Response to the plaintiff's Motion to Strike her Motion to Dismiss (ECF No. 37).

On February 20, 2015, the plaintiff filed a Consolidated Response to the pending Motions to Dismiss (ECF No. 43).[8] The plaintiff's Consolidated Response and Objections, which will be discussed in greater detail *infra*, disputes the defendants' assertions that he is required to exhaust any specific state remedies as a prerequisite to filing this section 1983 action. (*Id.* at 9). The Consolidated Response and Objections also contains specific legal and factual arguments concerning the alleged liability of each of the defendants. (*Id.* at 10-35).

On February 20, 2015, the plaintiff also filed a Motion for Order of Service upon a Previously Unidentified "John Doe" Defendant (ECF No. 44). On March 2, 2015, the plaintiff filed a Motion to Amend Amended Complaint. (ECF No. 45). By way of these motions, it appears that the plaintiff seeks to substitute parties and serve process on Bill Murphy, the husband of Janet Murphy, in place of the "John Doe" defendant, and potentially as the legal representative of the estate of Janet Murphy.[9] The plaintiff asserts that Bill Murphy is a proper party in his own right because he is allegedly the person who threw away or destroyed the official court records from the plaintiff's criminal trial proceedings. (ECF No. 45 at 2-3).

On March 2, 2015, defendant Spencer filed a Reply to the plaintiff's Consolidated Response to the Motions to Dismiss in which she incorporates her prior arguments and reiterates her position that there are no bases for claims of deliberate indifference or

---

8  On December 24, 2014, the plaintiff filed a Motion for the Enlargement of Time to Make Response to all Currently Pending Pleadings. (ECF No. 38). That motion was granted by separate Order on August 7, 2015. (ECF No. 59). Thus, the plaintiff's Consolidated Response is considered to be timely.

9  Although the plaintiff has not provided any legal documentation to demonstrate that Bill Murphy is the legal representative of Janet Murphy's estate, he claims that a house, which was jointly owned by Janet and Bill Murphy in Welch, WV, was sold on May 17, 2011, following Mrs. Murphy's death. Thus, the plaintiff claims that this created an "estate" for Mrs. Murphy. (ECF No. 45 at 1).

supervisory liability against her. (ECF No. 46). The plaintiff subsequently filed an unauthorized sur-reply (rebuttal) to Spencer's Reply. (ECF No. 51). The sur-reply disputes Spencer's interpretation of W. Va. Code § 51-7-4 concerning the Clerk's duties surrounding the filing of transcripts and the record on appeal, and further asserts that Spencer's Motion to Dismiss is premature. (*Id.*)

On March 10, 2015, the plaintiff filed a Motion for Production of Documents (ECF No. 49), in which it appears that he is requesting that this court order the production of any state rules, regulations or administrative orders pertaining to court reporters that have been in place since the year 2000, which were apparently not produced pursuant to a request under the State of West Virginia's Freedom of Information Act, W. Va. Code § 29B-1-1 *et seq.* The parties filed additional briefing disputing whether this request is an attempt to circumvent the normal civil discovery process, which had not yet been ordered in this case. (ECF Nos. 55 and 56).

On March 20, 2015, defendants Canterbury and Stephens filed their Reply brief which asserts that "the Plaintiff's Consolidated Response reads more like a habeas corpus pleading than a response to the pending motions to dismiss. Much of what is stated amounts to a collateral attack of the trial proceedings and his pending state-court habeas corpus proceedings." (ECF No. 54 at 1-2). Their Reply further asserts that the plaintiff cannot truly show that he has suffered any harm or damages from the loss of the transcript, when there is an unattempted means to avoid it via Rule 80(e). (*Id.* at 2-3). Finally, the Reply reiterates the defendants' assertion that there are no allegations arising to a level of deliberate indifference to support supervisory liability claims against them. (*Id.* at 3-4).

## **STANDARD OF REVIEW**

*Pro se* complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
> 
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50. Accordingly, dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate where a plaintiff fails to state a claim in accordance with this authority.

Furthermore, a district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n,* 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure). A defendant may also move for dismissal of a civil action for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(1). The burden of proving subject matter jurisdiction is on the plaintiff. *See Richmond, Fredricksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

In the instant case, the defendants have moved for dismissal of this civil action pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Thus, the court will review the plaintiff's Amended Complaint under these standards.

## ANALYSIS

### A. The plaintiff's claims are barred by the dictates of *Preiser v. Rodriguez* and *Heck v. Humphrey*.

The Motions to Dismiss filed by defendants Canterbury, Stephens and Spencer first assert that the plaintiff's claims for relief are precluded by his failure to pursue a

process set forth in Rule 80(e) of the West Virginia Rules of Civil Procedure, which is also applicable to criminal and habeas proceedings. *See* W. Va. R. Crim. P. 27 and Rule 10 of the Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia. Rule 80(e) provides:

> (e) *Use of statement of evidence in lieu of transcript.* – In the event a stenographic or mechanical report of the proceedings had and testimony taken at a hearing or trial before the court was not made or in the event a reporter's stenographic or mechanical record thereof has become lost or a transcript thereof is not obtainable, any party to the action may prepare a statement of the proceedings from the best available means, including the party's recollection, for use instead of a transcript thereof. The statement shall be served upon all other adverse parties within a reasonable time after the hearing or trial, and the adverse parties may serve objections or amendments thereto within 10 days after service of the statement upon them. Thereupon the statement, with the objections or proposed amendments, shall be submitted to the court for settlement and approval and when and as settled and approved such statements becomes a part of the record when it is signed by the judge and filed with the court.

W. Va. R. Civ. P. 80(e). As noted in the Memorandum of Law filed by defendants Canterbury and Stephens, a similar procedure under New York law was found to preclude a claim for a violation of procedural due process in a section 1983 proceeding in federal court. *See Curro v. Watson*, 884 F. Supp. 708 (E.D.N.Y. 1995). (ECF No. 27 at 7). The New York court ultimately found that the defendants therein were entitled to qualified immunity.

> Defendant Canterbury and Stephens' Memorandum of Law further states:
>
> The plaintiff contends that the lack of the transcript of the jury instructions prejudiced his direct appeal and, thus, violated his civil rights. Yet, there is no indication that jury instructions, or the lack of a transcript of the same, were claimed to be an issue on appeal. (See Brief of Appellant Amos Gabriel Hicks (W. Va. Sup. Ct. No. 45670) attached as Exhibit 4 to Defendant's Motion to Dismiss.) The actual written instructions are indeed part of the record if needed. More to the point, Mr. Hicks' appellate counsel could have sought relief to reconstruct any missing

13

> transcripts under Rule 80. The same remedies are equally available in the Plaintiff's pending habeas corpus case. In fact, Judge Stephens expressly pointed this out to Mr. Hicks and his habeas counsel during the August 8, 2013 hearing. (See Amd. Complt., App. I – Hrg. Trans., at p. 66.)[10]
>
> * * *
>
> The Plaintiff cannot now claim injury and civil rights violations when he has chosen to ignore the remedies available to reconstruct any missing parts of the trial transcript. This suit is an improper collateral attack upon both the concluded state court criminal case and the pending state habeas corpus proceedings. Mr. Hicks can, and indeed has, raised any perceived prejudice relating to the missing portion of the transcripts in his habeas case. [FN 7]
>
> [FN 7 – The hearing transcript attached as Appendix I to the Amended Complaint indicates that perhaps the jury voir dire portion of the transcript is also being sought. The remedies and case law discussed above would apply in that instance as well.]

(ECF No. 27 at 7-8).

The defendants' Motions to Dismiss and Memoranda also assert that the plaintiff has failed to exhaust his habeas corpus remedies in the state court. According to the parties, the plaintiff's pending state habeas corpus petition raises, *inter alia*, the missing transcript issues.[11] The plaintiff must raise any constitutional issues related to his state criminal conviction and the state habeas proceedings themselves in the state court before he may seek relief on such issues in this federal court. Thus, the defendants argue that this court should abstain from addressing any of the issues raised in the plaintiff's Amended section 1983 Complaint. *See Hamlin v. Warren*, 664 F.2d 29 (4th Cir. 1981); *Traverso v. Penn.*, 874 F.2d 209, 212 (4th Cir. 1989). (ECF No. 27 at 9).

---

10 The defendants' brief cites two federal cases in which the issue of the unavailability of a transcript of jury instructions did not constitute prejudice warranting a new trial, and that a written copy of the jury instructions is a sufficient record of the proceedings. *See United States v. Locust*, 95 F. App'x 507 (4th Cir. 2004); *United States v. Sierra*, 981 F.2d 123, 126-27 (3d Cir. 1992).

11 As mentioned previously herein, the undersigned is not aware of all of the claims for habeas corpus relief raised by the plaintiff.

14

The plaintiff's Consolidated Response and Objections asserts, in pertinent part, that the defendants' suggested remedy under Rule 80(e) of the Federal Rules of Civil Procedure is permissive, not required. (ECF No. 43 at 9). The plaintiff further asserts that the portions of the trial transcript that the plaintiff now seeks (*i.e., voir dire*, opening statements and instructions) are not conducive to the procedures under Rule 80(e) because they are very fact and/or text specific and, thus, the plaintiff is not guaranteed that a summary statement of those portions of the transcripts will provide him with a fair opportunity to present habeas corpus claims based upon that evidence. (*Id.* at 4, 6-9). The plaintiff also asserts that the defendants fail to cite any rule of procedure that requires that the plaintiff exhaust state remedies in a habeas corpus petition, as a prerequisite to filing a section 1983 action. (*Id.* at 9). As noted above, defendants Canterbury and Stephens contend that the arguments made in the plaintiff's Response a more akin to those in a habeas corpus petition. (ECF No. 54 at 1-2).

Although not specifically argued by the parties in their briefs, and notwithstanding any other arguments made therein, the undersigned proposes that the presiding District Judge **FIND** that dismissal of the instant section 1983 action is mandated by the holdings in *Preiser v. Rodriguez*, 411 U.S. 475 (1973) and *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Preiser*, the Supreme Court held that "when a state prisoner is challenging the very fact or duration of his physical confinement, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." 411 U.S. at 500. In *Heck*, the Court extended its analysis in *Preiser* to hold that a prisoner challenging the

15

constitutionality of his conviction/detention in a suit for damages under section 1983 may not obtain such relief unless and until he could prove that his conviction or sentence had been invalidated by the state court or a federal court via a writ of habeas corpus. 512 U.S. at 487. While the Court declined to engraft an exhaustion requirement upon section 1983, it "den[ied] the existence of a cause of action" under such circumstances. *Id.* at 489. Thus, a federal court considering a section 1983 claim addressing issues related to a state criminal defendant's conviction "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," and may not consider those claims and grant monetary relief unless the plaintiff can demonstrate that his conviction or sentence has already been invalidated. *Id.* at 487.

In the instant case, the plaintiff's requests for declaratory and injunctive relief amount to a request to grant habeas corpus relief, and necessarily call into question the validity of the plaintiff's conviction. As noted by the defendants, the plaintiff has not exhausted his available state court habeas corpus remedies; thus, this court cannot presently grant such relief. *See* 28 U.S.C. § 2254(b)(1)(A). Likewise, to the extent that the plaintiff requests monetary damages from the defendants, because his claims necessarily implicate the validity of his criminal judgment, pursuant to *Heck*, he cannot obtain such relief absent a showing that his criminal judgment has been invalidated.

Furthermore, the plaintiff's requests for this court to order Judge Stephens to adjudicate pending motions, or to require him, or any of the other defendants, to grant the relief sought in the Amended Complaint amounts to an improper request for mandamus relief. A federal court cannot order mandamus relief against a state official. *See* 28 U.S.C. § 1361 (there is no jurisdiction for a United States District Court to issue a

16

writ of mandamus against any <u>state agency or its officials</u>).

Accordingly, notwithstanding any other arguments made by the parties,[12] the undersigned proposes that the presiding District Judge **FIND** that, based upon the dictates of *Preiser* and *Heck*, *supra*, the plaintiff's Amended Complaint fails to state a claim upon which relief can be granted, and must be dismissed.

### B. This court should abstain from consideration of the plaintiff's claims due to the pending state habeas corpus proceedings.

Moreover, although only tangentially addressed in the Memorandum of Law filed by defendants Canterbury and Stephens, the District Court should abstain from exercising subject matter jurisdiction over the plaintiff's claims for declaratory and injunctive relief under the "*Younger*-abstention doctrine," as defined in *Younger v. Harris*, 401 U.S. 37 (1971). "Under [the] *Younger*-abstention doctrine, interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 237-38 (1984).

The Fourth Circuit has instituted a three-part test for determining when *Younger* abstention is appropriate: "(1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity

---

12  As noted above, the defendants' Motions to Dismiss contain additional grounds for dismissal, including Eleventh Amendment/sovereign immunity, absolute judicial immunity, and qualified immunity. The parties' briefs also further address in detail the issues of whether Canterbury, Stephens or Spencer can be considered "supervisors" of Mrs. Murphy. Because the plaintiff's Amended Complaint fails to state a claim upon which relief can be presently granted in light of *Heck* and *Younger*, the undersigned finds it unnecessary to address these other grounds for dismissal.

to present the federal claims in the state proceeding." *Employers Resource Mgmt. Co., Inc. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995).

State criminal prosecutions and appeals are certainly important matters of state interest. It would appear to the undersigned that the petitioner's state court proceedings are still on-going, and that the plaintiff would have adequate opportunity to present any claims related to the conduct of the defendants and the constitutionality of his conviction in the state court proceedings. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that abstention from consideration of the plaintiff's claims for declaratory and injunctive relief under the *Younger*-abstention doctrine is appropriate in this case and, therefore this court lacks subject matter jurisdiction over those claims.

### C. The plaintiff's other pending motions.

As detailed above, the plaintiff has also filed motions to name and serve additional defendants, *i.e.,* Janet Murphy or some other representative or agent on behalf of her estate, and Bill Murphy, her husband, who allegedly destroyed the plaintiff's criminal trial records, to strike the pleading filed by defendant Spencer, and for the production of documents that the plaintiff believes to be relevant to the issues addressed in this action. In light of the recommendation that this civil action be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, these motions, which are not dispositive, appear to be moot. Accordingly, by separate Order, the undersigned will deny the remaining pending motions as moot.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the defendants' Motions to Dismiss (ECF Nos. 26 and 30) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and **DISMISS** this civil action for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals.  Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy to the plaintiff and to transmit a copy to counsel of record.

<u>August 12, 2015</u>

Dwane L. Tinsley
United States Magistrate Judge